IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTOPHER JASSO<br>(BOP Register No. 50206-177), | §<br>§<br>§ | |
| Movant, | §<br>§ | |
| V. | § | No. 3:18-cv-1024-M-BN |
| UNITED STATES OF AMERICA, | §<br>§<br>§ | |
| Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Kristopher Jasso, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. Nos. 2 & 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

On April 25, 2018, the Court ordered Jasso to show cause in writing why his motion should not be summarily dismissed as time-barred. *See* Dkt. No. 4. Jasso timely responded. *See* Dkt. No. 5. And his Section 2255 motion was ordered served. *See* Dkt. No. 6. The government filed a response, asserting that his claims are both time-barred and without merit. *See* Dkt. Nos. 8 & 9. Jasso then filed a reply brief. *See* Dkt. No. 10.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion with prejudice as time-barred.

## Applicable Background

Jasso was convicted of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and he was sentenced to 180 months of imprisonment. *See United States v. Jasso*, No. 3:15-cr-481-M (02) (N.D. Tex.), Dkt. No. 133. The Court entered Jasso's judgment on March 9, 2017, and he did not appeal. *See id.*

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir.

2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Jasso's conviction became final on March 23, 2017 – the date on which his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within 14 days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). So, contrary to his suggestion that he had "one year and ninety

days to file his § 2255 motion," *see* Dkt. No. 2 at 11, under 28 U.S.C. § 2255(f)(1), the statute of limitations expired on March 23, 2018. Jasso's Section 2255 motion – which he filed on April 11, 2018 – is therefore time-barred unless statutory or equitable tolling applies.

Jasso argues that equitable tolling saves his untimely motion, asserting – but not alleging as a claim or seeking leave to amend his motion to add as a claim – that his trial "counsel's failure to consult with [him] about appeal or file an appeal as instructed" provides grounds for equitable tolling. Dkt. No. 10 at 2; *see also* Dkt. No. 5 at 1-2 ("Movant believed fully that his attorney of record (who lied to him) had filed an appeal on his case immediately after sentencing. He called his counsel and was told by counsel that he was filing a direct appeal for him with the Fifth Circuit Court of Appeals."); *id.* at 5 (affidavit from a fellow inmate stating that he is "partially responsible for [Jasso's motion] being 19 days past the deadline under [AEDPA] because [the inmate] was under the impression that [Jaso's] counsel had in fact filed a notice of appeal, in which case it would have been one year and ninety days").

Jasso's assertions concerning his trial counsel's alleged failure to either consult with him regarding or file on Jasso's behalf a notice of appeal are not consistent with the Section 2255 motion as filed. For example, as to timeliness, Jasso admits in that motion that "he never filed a direct appeal or a writ of certiorari" and then mistakenly asserts that timeliness is measured as one year and 90 days from entry of judgment – Jasso "is presently filing his § 2255 motion on April 11, 2018 which is well within the one year and ninety days allowed under the [AEDPA] rule, therefore Defendant's

-5-

motion is being timely filed." Dkt. No. 2 at 11.

But, even if the Court accepts Jasso's assertions concerning the failure to file a direct appeal, "[w]hether [he] had effective assistance of counsel on direct appeal ... is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. [But a]n alleged violation of that right does not toll the AEDPA's statute of limitations." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) (footnotes omitted); *see also, e.g., Montoya v. United States*, No. 2:13-cv-175, 2014 WL 6768990, at *2 (N.D. Tex. Dec. 1, 2014) ("Petitioner claims his trial counsel's alleged failure to perfect his appeal should qualify as an 'extraordinary circumstance' entitling him to equitable tolling, but the Fifth Circuit has held that such failures of counsel do not entitle a petitioner to equitable tolling. *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000). Likewise, petitioner's unfamiliarity with the legal process does not entitle him to equitable tolling. *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013).").

Therefore, as to the direct-appeal assertions, because Jasso has not shown "that some extraordinary circumstance stood in his way and prevented timely filing" of the Section 2255 motion, *Holland*, 560 U.S. at 649, and because his unfamiliarity with AEDPA's statute of limitations likewise provides no ground for equitable tolling, *see, e.g., Madden*, 521 F. App'x at 323, Jasso has not shown that the limitations period should be tolled. And his Section 2255 motion is time-barred.

## Recommendation

The Court should dismiss the Section 2255 motion as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE